Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
Glenn Bridgman (298134)
gbridgman@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Telephone:  (310) 789-3100
Facsimile: (310) 789-3150

Seth Ard (*pro hac vice forthcoming*)
sard@susmangodfrey.com
Ryan Kirkpatrick (243824)
rkirkpatrick@susmangodfrey.com
Zach Savage (*pro hac vice forthcoming*)
zsavage@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GENESETT CORPORATION, as Trustee of the Genesett Trust Dated 10/23/01, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Genesett Corporation, as Trustee of the Genesett Trust Dated 10/23/01, on behalf of itself and all others similarly situated, for its Class Action Complaint against defendant Sun Life Assurance Company of Canada ("Sun Life"), states as follows:

**NATURE OF THE ACTION**

1.    This is a class action brought on behalf of Plaintiff and similarly situated owners of certain life insurance policies issued or insured by Sun Life. Plaintiff seeks to represent a class of Sun Life policyholders who have been overcharged premiums and deprived of the benefit of the lapse protection feature of their universal life insurance policies.

2.    The universal life insurance policies owned by Plaintiff and members of the proposed class provides two options for policyholders to keep their life insurance policies in force. First, policyholders can pay sufficient premiums into the account value of their policies to cover the monthly deductions, such as the deductions for cost of insurance and monthly expense charges. If the account value is depleted and additional premiums are not paid to replenish the account, the policy may lapse, and the insured will lose the death benefit protection that they pay for.

3.    Second, and independently, policyholders can rely on the lapse protection feature of their policies. The lapse protection feature provides that, so long as policyholders have paid enough in premiums to keep the lapse protection feature of their policy active, the policy will remain in force, even if the account value would not otherwise be sufficient to cover the monthly deductions, and would (but for the lapse protection feature) lapse. Hence the name "lapse protection."

4.    Plaintiff's policy explicitly sets forth a table of "minimum monthly premiums" that must be paid to keep the lapse protection feature active:

1

2B. TABLE OF LAPSE PROTECTION MINIMUM PREMIUMS
POLICY NUMBER 020046986

| POLICY YEAR | MINIMUM MONTHLY PREMIUM | POLICY YEAR | MINIMUM MONTHLY PREMIUM |
|---|---|---|---|
| 01 | $7,030.05 | 02 | $7,030.05 |
| 03 | $7,030.05 | 04 | $7,030.05 |
| 05 | $7,030.05 | 06 | $11,526.87 |
| 07 | $11,526.87 | 08 | $11,526.87 |
| 09 | $11,526.87 | 10 | $11,526.87 |
| 11 | $11,526.87 | 12 | $11,526.87 |
| 13 | $11,526.87 | 14 | $11,526.87 |
| 15 | $11,526.87 | 16 | $11,526.87 |
| 17 | $11,526.87 | 18 | $11,526.87 |
| 19 | $11,526.87 | 20 | $11,526.87 |
| 21 | $11,879.77 | 22 | $12,216.96 |
| 23 | $12,969.25 | 24 | $13,577.94 |
| 25 | $14,050.97 | 26 | $14,364.75 |
| 27 | $14,844.61 | 28 | $15,265.50 |
| 29 | $15,481.58 | 30 | $15,656.66 |

5.     Plaintiff has paid premiums that are at least equal to the total Minimum Monthly Premiums listed in its contract.  As a result, the lapse protection feature is satisfied, and the policy is protected from lapse.

6.     Sun Life, however, has taken an absurd and unfair interpretation of the policy by which policyholders must pay premiums substantially *in excess* of those listed in the table depicted above to keep the lapse protection feature active.  As a result, Plaintiff was forced to pay over $1.1 million in extra, contractually-unwarranted premiums to avoid its policy lapsing and losing the death benefit protection that they had already paid millions for.  On information and belief, Sun Life has adopted the same unwarranted interpretation of the lapse protection feature to terminate the policies of or extract extra premiums from other members of the class.

## THE PARTIES

7.     Plaintiff Genesett Corporation, is the Trustee of the Genesett Trust Dated 10/23/01. Genesett Corporation is incorporated and with a principal place of business in Florida. The Genesett Trust owns a Last Survivor Flexible Premium

2

Adjustable Life Insurance Policy, policy number 020046986, insuring the lives of two insureds, which was issued by Sun Life on September 7, 1998, and currently has a specified face amount of $4,838,499.11 (the "Policy"). The Policy was issued in the state of California.

8.    Defendant Sun Life Assurance Company of Canada (U.S.) is a corporation organized and existing under the laws of Canada, domiciled in Michigan, and having its U.S. headquarters and principal place of business in Wellesley Hills, Massachusetts.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity between at least one class member (including Plaintiff) and one defendant and the aggregate amount of damages exceeds $5,000,000. This action therefore falls within the original jurisdiction of the federal courts pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  This action also falls within the original jurisdiction of the federal courts pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

10.    This Court has personal jurisdiction over Sun Life because the Plaintiff's policy was issued in California.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) because the events giving rise to Plaintiff's causes of action, specifically the issuance of Plaintiff's policy, occurred in this District.

## FACTUAL BACKGROUND

### A.    Universal Life

12.    Universal life policies combine death benefits with a savings or investment component, called the "account value" in these policies. One benefit of universal life policies is that they permit policyholders flexibility in the amount and timing of premiums necessary to keep the policies in force. Unlike other kinds of

1    whole life insurance that require fixed monthly premium payments, the premiums

2    required for universal life policies need only be sufficient to cover the various

3    charges deducted from the account value, including the cost of insurance ("COI")

4    and expense charges. These charges are deducted from the policy account value

5    (i.e., the savings component) of the policy every month. Any premiums paid in

6    excess of COI charges and other charges are applied to the account value.  These

7    excess premiums earn interest at the credited rate.

8        13.    For most universal life insurance policies, if the account value is

9    insufficient to cover the monthly charges deducted from the account value, the

10   insurer will send the policyowner a "grace notice" notifying the policyowner of the

11   insufficient account value. If the policyowner does not replenish the account value

12   with additional premium payments sufficient to cover the monthly deductions, a

13   universal life insurance policy will typically lapse—i.e., terminate. If the policy

14   lapses, the policyowner and the beneficiary lose all death benefit protection, no

15   matter how much in premiums has been paid to date.

16       14.    The universal life insurance policy owned by Plaintiff and members of

17   the class has an alternative mechanism to keep policies in force.  This mechanism is

18   known as the lapse protection feature of the policy.  So long as the lapse protection

19   feature of the policy is active, the policy will not lapse, even if the account value is

20   insufficient to cover the ongoing monthly deductions.

21       15.    To keep the lapse protection feature active, the policyowner must have

22   paid a certain total premium over the life of the policy.  Specifically, the policy lists

23   a table of "Minimum Monthly Premiums" that must be paid for each "Policy Year"

24   to keep the lapse protection feature active.

25

26

27

28

4

```
2B.  T    E OF LAPSE PROTECTION MINIMUM    MIUMS
             POLICY NUMBER 020046986
```

| POLICY YEAR | MINIMUM MONTHLY PREMIUM | POLICY YEAR | MINIMUM MONTHLY PREMIUM |
|---|---|---|---|
| 01 | $7,030.05 | 02 | $7,030.05 |
| 03 | $7,030.05 | 04 | $7,030.05 |
| 05 | $7,030.05 | 06 | $11,526.87 |
| 07 | $11,526.87 | 08 | $11,526.87 |
| 09 | $11,526.87 | 10 | $11,526.87 |
| 11 | $11,526.87 | 12 | $11,526.87 |
| 13 | $11,526.87 | 14 | $11,526.87 |
| 15 | $11,526.87 | 16 | $11,526.87 |
| 17 | $11,526.87 | 18 | $11,526.87 |
| 19 | $11,526.87 | 20 | $11,526.87 |
| 21 | $11,879.77 | 22 | $12,216.96 |
| 23 | $12,969.25 | 24 | $13,577.94 |
| 25 | $14,050.97 | 26 | $14,364.75 |
| 27 | $14,844.61 | 28 | $15,265.50 |
| 29 | $15,481.58 | 30 | $15,656.66 |

16.    The policy similarly contains the following section outlining the Lapse Protection Feature:

**Lapse Protection**

A Protected Period is shown in section 1. It begins on the Policy Effective Date. During this period this policy will not terminate without value as long as it satisfies the minimum premium test requirements described in the next paragraph and the Policy Debt is zero. This policy will terminate without value and the grace period will begin on any Monthly Anniversary Day on which the Cash Surrender Value is insufficient to cover the monthly cost of insurance, the monthly expense charge and any applicable monthly face amount charge(s) and the Policy Debt is greater than zero, regardless of whether or not the Protected Period has ended.

During the Protected Period, except as stated in the preceding paragraph, on any Monthly Anniversary Day on which the Cash Surrender Value is insufficient to pay the monthly cost of insurance, the monthly expense charge and any applicable monthly face amount charge(s), we will apply a minimum premium test to this policy. This policy will satisfy the requirements of this test if (a) does not exceed (b), where:

(a)    During the Protected Period, except as stated in the preceding paragraph, on any Monthly Anniversary Day on which the Cash Surrender Value is insufficient to pay the monthly cost of insurance, the monthly expense charge and any applicable monthly face amount charge(s), we will apply a minimum premium test to this policy. This policy will satisfy the requirements of this test if (a) does not exceed (b), where:

(b)    is the amount of premiums paid for this policy accumulated at an interest rate of .327374% per month, compounded monthly (4% per year, compounded yearly) less partial surrenders accumulated at the same rate of interest compounded in the same way.

If this policy satisfies the requirements of the test, it will stay in force until the next Monthly Anniversary Day.

The applicable minimum premium is the premium shown in the table of lapse protection minimum premiums in section 2B for the policy year in which the Monthly Anniversary Day on which we apply the test occurs.

17.    Under this provision, so long as a policyowner has paid a total premium over the life of the policy sufficient to keep up with the "Monthly Minimum Premiums," the policy will remain in force and will not lapse, even if the account value is not sufficient to cover the ongoing monthly charges.

18.    This lapse protection feature is highly valuable to Plaintiff and other members of the class. Among other things, it provides certainty about the total

6

premiums that need to be paid to keep the policy in force. Both the monthly charges and the interest paid on the account value of the policy can in some circumstances be changed by the insurer (subject to various contractual restrictions not at issue here). That means that a policy owner can suddenly be forced to pay much higher premiums to cover the suddenly higher ongoing charges (or to make up for the suddenly lower interest payments).  This possibility is not merely theoretical: a wave of COI rate increases has swept over the industry in recent years.

19.    The lapse protection feature safeguards against the possibility of fluctuating monthly charges and interest rates.  The Minimum Monthly Premiums are expressly set forth in the policy and are not subject to change so long as the policyowner keeps the same amount of insurance.  This means that a policyowner can pay those Minimum Monthly Premiums listed for each Policy Year and know with certainty that the policy will remain in force and that the death benefit protection will be preserved, and that there is no chance that a policyowner will suddenly have to start paying significantly higher premiums to cover unanticipatedly higher charges or lower interest payments. For example, if interest rates have declined significantly since the time when the policy was issued, then the policy may now have a much smaller account value than originally projected, and not have enough value to cover the monthly charges. Normally, that would cause the policy to lapse. But if the policyholder has a lapse protection feature, then as long as the Minimum Monthly Premiums were paid, the policy is guaranteed to stay in force, even if the account value is insufficient to cover the monthly charges.

20.    Plaintiff has paid premiums sufficient to cover the Minimum Monthly Premiums.  Through October 2020 (i.e., when the policy had been in force for over 20 years), over $4.5 million had been paid on the policy owned by the Plaintiff. This was enough to cover the total Minimum Monthly Premiums listed in the chart depicted above in paragraph 15.

21.     However, Sun Life sent Plaintiff a grace notice in October 2020 which claimed for the first time that the lapse protection feature of the policy was not active, that the account value of the policy was not sufficient to cover the ongoing monthly charges, and that if Plaintiff did not pay substantial additional premiums, the policy would lapse and the Plaintiff would lose all death benefit protection even after having paid millions in premiums.

22.     In additional grace notices sent by Sun Life over the subsequent months, Sun Life claimed that Plaintiff would have to pay **$1,405,389.10** in additional premiums between November 2020 and March 2022 in order to keep the policy in force.

23.     But the Minimum Monthly Premiums table in the policy only requires $224,738.08 between November 2020 and March 2022:

| Payment Period | Policy Year | **Minimum Monthly Premium** | **Total Months** | **Premiums Owed To Keep Lapse Protection Active and Policy In Force** |
|---|---|---|---|---|
| Nov 2020-Aug 2021 | 23 | $12,969.25 | 10 | $129,692.50 |
| Sept 2021-March 2022 | 24 | $13,577.94 | 7 | $95,045.58 |
| **Total** | | | | $224,738.08 |

24.     Sun Life's grace notices threatened that if Plaintiff did not pay Sun Life's overstated premium demands, the "life insurance shall terminate and no further benefits will be payable under the policy." As a result, to avoid losing death benefit protection and forfeiting the millions in premiums already paid on this policy, Plaintiff was forced to pay Sun Life's grossly inflated premium demands, which overstated the premiums due by $1,405.389.10 - $224,738.08 = $1,180,651.53.

25.     The absurdity of Sun Life's position is underscored by the fact that throughout Plaintiff's discussions with Sun Life about their inflated premium

demands, Sun Life personnel repeatedly took different positions about when the lapse protection feature on this policy had supposedly become inactive. In subsequent correspondence dated April 26, 2021, after counsel became involved, Sun Life admitted that its personnel had "provided different dates when the LP [lapse protection] had last applied. We apologize for this inconsistency."

## CLASS ACTION ALLEGATIONS

26.    This action is brought by Plaintiff individually and on behalf of the "Lapse Protection Class" pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

27.    The Lapse Protection Class consists of:

> All owners of universal life (including variable universal life) insurance policies issued or insured by Sun Life Assurance Company of Canada that contain a lapse protection feature and which set forth a table of lapse protection minimum monthly premiums.

28.    Plaintiff reserves the right to seek certification of subclasses, or alternative classes as shall become necessary in the course of litigation.

29.    The Lapse Protection Class does not include defendant Sun Life, its officers and directors, members of their immediate families, and the heirs, successors or assigns of any of the foregoing.

30.    The Lapse Protection Class consists of hundreds of consumers of life insurance and are thus so numerous that joinder of all members is impracticable. The identities and addresses of class members can be readily ascertained from business records maintained by Sun Life.

31.    The claims asserted by Plaintiff are typical of the claims of the Lapse Protection Class and any Subclasses.

32.    Plaintiff will fairly and adequately protect the interests of the classes and does not have any interests antagonistic to those of the other members of the classes.

33.    Plaintiff has retained attorneys who are knowledgeable and experienced in life insurance, class actions, and complex litigation matters.

34.    Plaintiff requests that the Court afford class members with notice and the right to opt out of any classes certified in this action.

35.    This action is appropriate as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because common questions of law and fact affecting the class predominate over any individualized issues. Those common questions that predominate include:

(a)    the construction and interpretation of the form insurance policies at issue in this litigation;

(b)    whether Sun Life's position about when the lapse protection feature is active violated the terms of those form policies;

(c)    how to calculate when the lapse protection feature is active.

(d)    whether Sun Life breached its contracts with Plaintiff and members of the class;

(e)    whether Plaintiff and members of the proposed Class are entitled to receive damages as a result of the unlawful conduct by defendant as alleged herein and the methodology for calculating those damages.

36.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a)    the complexity of issues involved in this action and the expense of litigating the claims, means that few, if any, class members could afford to seek legal redress individually for the wrongs that defendant committed against them, and absent class members have no substantial interest in individually controlling the prosecution of individual actions;

(b)    when Sun Life's liability has been adjudicated, claims of all class members can be determined by the Court;

1       (c)    this action will cause an orderly and expeditious administration

2  of the class claims and foster economies of time, effort and expense, and ensure

3  uniformity of decisions;

4       (d)    without a class action, many class members would continue to

5  suffer injury, and Sun Life's violations of law will continue without redress while

6  defendant continues to reap and retain the substantial proceeds of their wrongful

7  conduct; and

8       (e)    this action does not present any undue difficulties that would

9  impede its management by the Court as a class action.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

37.    Plaintiffs reallege and incorporate herein the allegations of the paragraphs above of this complaint as if fully set forth herein. This claim is brought on behalf of Plaintiff and the Lapse Protection Class (inclusive of any Subclasses).

38.    The Class Policies are binding and enforceable contracts.

39.    The Lapse Protection Class Policies at issue are all form policies, and insureds are not permitted to negotiate different terms. The Class Policies are all contracts of adhesion.

40.    Sun Life breached the contracts by miscalculating the total premium payments due in order to keep the lapse protection feature of the Class Policies active.

41.    Plaintiff and the Lapse Protection Class and any Subclasses have performed all of their obligations under the policies, except to the extent that their obligations have been excused by Sun Life's conduct as set forth herein.

42.    As a direct and proximate cause of Sun Life's material breaches of the policies, Plaintiff and the Lapse Protection Class have been – and will continue to be – damaged as alleged herein in an amount to be proven at trial.

1    **PRAYER FOR RELIEF**

2        WHEREFORE, Plaintiff and the Lapse Protection Class (inclusive of any

3    Subclasses) pray for judgment as follows:

4        1.    Declaring this action to be a class action properly maintained pursuant

5    to Rule 23 of the Federal Rules of Civil Procedure;

6        2.    Awarding Plaintiff and the class compensatory damages;

7        3.    Requiring Sun Life to reinstate policies that Sun Life improperly

8    terminated despite an active lapse protection feature;

9        4.    Awarding Plaintiff and the class pre-judgment and post-judgment

10   interest, as well as attorney's fees and costs; and

11       5.    Awarding Plaintiff and the class such other relief as this Court may

12   deem just and proper under the circumstances.

13

14   Dated:  July 6, 2023                Respectfully submitted,

15

16                                       */s/ Steven G. Sklaver*
                                         Steven G. Sklaver (237612)
17                                       Glenn Bridgman (298134)
                                         SUSMAN GODFREY L.L.P.
18                                       1900 Avenue of the Stars, Suite 1400
                                         Los Angeles, CA  90067
19                                       Telephone: (310) 789-3100
                                         Facsimile: (310) 789-3150
20                                       ssklaver@susmangodfrey.com
                                         gbridgman@susmangodfrey.com
21
                                         Seth Ard (*pro hac vice forthcoming*)
22                                       Ryan Kirkpatrick (243824)
                                         Zach Savage (*pro hac vice forthcoming*)
23                                       SUSMAN GODFREY L.L.P.
                                         1301 Avenue of the Americas, 32nd Floor
24                                       New York, NY 10019
                                         Telephone: (212) 336-8330
25                                       Facsimile: (212) 336-8340
                                         sard@susmangodfrey.com
26                                       rkirkpatrick@susmangodfrey.com
                                         zsavage@susmangodfrey.com
27

28

12

1

## **DEMAND FOR JURY TRIAL**

2        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and the

3    class hereby demand a trial by jury as to all issues so triable.

4

5    Dated:  July 6, 2023                    Respectfully submitted,

6

7                                            */s/ Steven G. Sklaver*
                                             Steven G. Sklaver (237612)
8                                            Glenn Bridgman (298134)
                                             SUSMAN GODFREY L.L.P.
9                                            1900 Avenue of the Stars, Suite 1400
                                             Los Angeles, CA  90067
10                                           Telephone: (310) 789-3100
                                             Facsimile: (310) 789-3150
11                                           ssklaver@susmangodfrey.com
                                             gbridgman@susmangodfrey.com
12
                                             Seth Ard (*pro hac vice forthcoming*)
13                                           Ryan Kirkpatrick (243824)
                                             Zach Savage (*pro hac vice forthcoming*)
14                                           SUSMAN GODFREY L.L.P.
                                             1301 Avenue of the Americas, 32nd Floor
15                                           New York, NY 10019
                                             Telephone: (212) 336-8330
16                                           Facsimile: (212) 336-8340
                                             sard@susmangodfrey.com
17                                           rkirkpatrick@susmangodfrey.com
                                             zsavage@susmangodfrey.com
18

19

20

21

22

23

24

25

26

27

28